UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-21510-CIV-UNGARO/TORRES

BUURMA FARMS, INC., et al,

      Plaintiffs,

vs.

WORLDWIDE PRODUCE & GROCERIES,
INC., et al,

      Defendants.
_____/

REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiffs' Motion for *Ex-Parte* Temporary Restraining Order Without Notice and for Preliminary Injunction [D.E. 5] filed on May 5, 2011.[1] Based on the motion and the affidavit and documents submitted therewith, we conclude that Plaintiffs' motion should be **GRANTED** in so far as the *ex parte* temporary restraining order should be entered and a preliminary injunction hearing should be set for May 24, 2011.

A temporary restraining order is used primarily for maintaining the status quo of the parties. *See, e.g., Cate v. Oldham,* 707 F.2d 1176, 1185 (11th Cir. 1983). A party seeking a temporary restraining order must show: (1) a substantial likelihood of success on the merits; (2) irreparable injury; (3) that the injury to Plaintiffs outweighs

---

[1] Pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the United States District Court for the Southern District of Florida, this motion case was referred to the undersigned Magistrate Judge for disposition.

the harm an injunction may cause Defendants; and (4) that granting the injunction would not disserve the public interest. *See, e.g., Tefel v. Reno,* 180 F.3d 1286, 1295 (11th Cir. 1999). "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and, (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

In this case, a sufficient evidentiary showing has been made, based upon the Declarations of Loren Buurma, Treasurer of Plaintiff Buurma Farms, Inc. and Charles D. Wilkinson, Jr., President of Plaintiff Wilkinson-Cooper Produce, Inc. (collectively the "Plaintiffs"), that Plaintiffs are produce dealers and trust creditors of Defendants Worldwide Produce & Groceries, Inc. and Erick Jarquin (collectively the "Defendants") under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499a(b)(6), 499e(c), and have not been paid for produce in the total amounts of $51,039.15 and $6,562.55, respectively, supplied to said Defendants as required by the PACA. On this record, the Court finds that Plaintiffs have a substantial likelihood of success on the merits.

The record also shows that Defendants are in financial jeopardy and the PACA trust assets are being dissipated or are threatened with dissipation and that Defendants are not or may not be in a position to pay creditor's claim, thereby warranting the relief requested by Plaintiffs. *See, e.g., Frio Ice, S.A. v. Sunfruit, Inc.,*

918 F.2d 154, 159 (11th Cir. 1990) ("Congress recognized that dissipation of trust assets would undermine PACA and made such dissipation a violation of the statute."); *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990).

On the basis of the pleadings, declarations and other submissions Plaintiffs have filed in this matter, the Court finds that Plaintiffs will suffer immediate and irreparable injury due to Defendants' dissipation of Plaintiffs' beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c), and further that such dissipation will continue in the absence of injunctive relief. Therefore, we conclude that a temporary restraining order should be issued.

If notice is given to Defendants of the pendency of this motion, trust assets will be further threatened with dissipation before the motion is heard. As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411; *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47, 50 (Bankr. N.D. Fla. 1989). Thus, an entry of this Order without notice assures retention of the trust assets under the control of this Court which is specifically vested with jurisdiction over the trust. 7 U.S.C. § 499e(c)(5); *see, e.g., Taylor Farms Florida, Inc. v. Gennaro's Produce, Inc.,* 2007 WL 646987, at *2 (S.D. Fla. Feb. 27, 2007). The Court thus finds that counsel's certification in the motion for entry of temporary restraining order without notice, as per Rule 65(b)(1)(B), is merited.

There is moreover no tangible harm to Defendants in granting a temporary restraining order, at least pending a full evidentiary review on a preliminary

3

injunction motion, which only requires Defendants to do that which they are required to do under the statute, that is, to maintain the trust and pay for the undisputed portion of produce. Finally, the public interest is furthered by the granting of this temporary restraining order. The purpose of the statute is to protect the public interest and remedy the burden on commerce due to nonpayment for produce. 7 U.S.C. § 499e(c)(1); *Taminura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 140 (3d Cir. 2000).

For the foregoing reasons, the Court respectfully **RECOMMENDS** that Plaintiffs' Motion for *Ex-Parte* Temporary Restraining Order [D.E. 5] be **GRANTED**. It should be **ORDERED** and **ADJUDGED** that Defendants and their agents, officers, subsidiaries, assigns, banking institutions and related entities shall be temporarily restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust provision of the PACA without agreement of Plaintiffs or until further order of this Court. Under Section 499e(c)(2) of PACA, the assets subject to this Order include all of the assets of Worldwide Produce & Groceries, Inc. unless Defendants can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or products from sale of such commodities or products. Provided, however, Defendants may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Defendants maintains the proceeds of such sale subject to the Order.

It should be further **ORDERED** and **ADJUDGED** that the Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of the Order by personal service or otherwise.

It should be further **ORDERED** and **ADJUDGED** that the $57,601.70 in PACA trust assets belonging to Plaintiffs and in the possession of the Defendants will serve as Plaintiffs' security for this injunction as required by Rule 65(c) fo the Federal Rules of Civil Procedure.[2]

It should be further **ORDERED** and **ADJUDGED** that Plaintiffs shall forthwith serve Defendants, or their registered agent, or their counsel, with a copy of the Order and all relevant submissions in the case.

It should be further **ORDERED** and **ADJUDGED** that an evidentiary hearing on Plaintiffs' Motion for a Preliminary Injunction [D.E. 7] shall take place on May 24, 2011, at 3:00 p.m., James Lawrence King Bldg., 99 N.E. First Avenue, Tenth Floor, Courtroom 5, Miami, Florida, before the undersigned Magistrate Judge. Defendants shall present evidence at that hearing why the temporary restraining Order should be vacated and why a preliminary injunction order pending trial not be entered.

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 6th day of May 2011.

>    */s/ Edwin G. Torres*
>    EDWIN G. TORRES
>    United States Magistrate Judge

---

[2] This total is limited to the amount of currently unpaid produce as noted in Plaintiffs' Declarations. *See* [D.E. 6-1 at ¶ 3; D.E. 6-2 at ¶3].