UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-CV-21510-UNGARO

BUURMA FARMS, *et al.*

    Plaintiffs,

v.

WORLD WIDE PRODUCE AND GROCERIES, *et al.*

    Defendants.
_____/

### ORDER ON MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Plaintiffs' Motion for Ex Parte Temporary Restraining Order Without Notice and for Preliminary Injunction, filed May 5, 2011. (D.E. 5.)

THE COURT referred the matter to Magistrate Judge Edwin G. Torres pursuant to 28 U.S.C. § 636 and the Magistrate Rules for the Southern District of Florida. (D.E. 7.) Magistrate Judge Torres issued a Report and Recommendation, recommending that this Court grant the motion for temporary restraining order. (D.E. 9.)

THE COURT has conducted an independent review of the record and is otherwise fully advised in the premises. Based thereon, it is hereby

ORDERED AND ADJUDGED that the Magistrate Judge's Report (D.E. 9) is AFFIRMED, ADOPTED AND RATIFIED in its entirety. It is further

ORDERED and ADJUDGED that Defendants and their agents, officers, subsidiaries, assigns, banking institutions and related entities shall be temporarily restrained from dissipating, paying, transferring, assigning or selling any and all assets covered by or subject to the trust

provision of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a ("PACA") without agreement of Plaintiffs or until further order of this Court.  Under § 499e(c)(2) of the PACA, the assets subject to this Order include all of the assets of Worldwide Produce & Groceries, Inc. unless Defendants can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or products from sale of such commodities or products.  Provided, however, Defendants may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Defendants maintains the proceeds of such sale subject to the Order.  This total is limited to the amount of currently unpaid produce as noted in Plaintiffs' Declarations.  (*See* D.E. 6-1 at ¶ 3; D.E. 6-2 at ¶3).  It is further

ORDERED and ADJUDGED that this Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of the Order by personal service or otherwise.  It is further

ORDERED and ADJUDGED that the $57,601.70 in PACA trust assets belonging to Plaintiffs and in the possession of the Defendants will serve as Plaintiffs' security for this injunction as required by Rule 65(c) fo the Federal Rules of Civil Procedure.  It is further

ORDERED and ADJUDGED that Plaintiffs shall forthwith serve Defendants, or their registered agent, or their counsel, with a copy of the Order and all relevant submissions in the case.  It is further

ORDERED and ADJUDGED that an evidentiary hearing on Plaintiffs' Motion for a Preliminary Injunction (D.E. 5) shall take place on May 24, 2011, at 3:00 p.m., James Lawrence King Bldg., 99 N.E. First Avenue, Tenth Floor, Courtroom 5, Miami, Florida, before the

undersigned Magistrate Judge Torres.  Defendants shall present evidence at that hearing why the temporary restraining Order should be vacated and why a preliminary injunction order pending trial not be entered.

DONE and ORDERED in Chambers, at Miami, Florida this 10th day of May 2011 at 1:41 PM.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE